IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HEIDI G. RICCI,

    Plaintiff,

        vs.                              No. 2:24-CV-00392-KG-JFR

BLUE CROSS AND BLUE SHIELD OF NEW
MEXICO, AN UNICORPORATED DIVISION
OF HEALTH CARE SERVICE
CORPORATION,

    Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART BCBSNM'S MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant Blue Cross Blue Shield of New Mexico's ("BCBSNM") Motion to Dismiss, (**Doc. 16**), filed on May 15, 2024. Plaintiff Heidi G. Ricci filed her Response, (**Doc. 25**), on June 18, 2024, and BCBSNM filed its Reply, (**Doc. 27**), on July 08, 2024. Having considered the parties' briefing and relevant case law, the Court **GRANTS in part** and **DENIES in part** BCBSNM's Motion to Dismiss, (**Doc. 16**).

### BACKGROUND[1]

This case concerns BCBSNM's refusal to cover more than $40,000 in health care expenses for Ms. Ricci's 2021 oral surgery under the UNM Medical Plan.

The Regents of New Mexico ("UNM") offers health care benefits through UNM Medical Plan. (**Doc. 16-2**) **at 4**. The UNM Medical Plan "is self-insured, meaning UNM is responsible for paying medical and prescription drug claims incurred by Participants." *Id.* UNM contracts

---

[1] The Court takes all well-pled facts alleged in Ms. Ricci's Complaint, (**Doc. 1-2**), as true and views them in the light most favorable to her, drawing all reasonable inferences from the facts in her favor. *Frey v. Town of Jackson, Wyo.*, 41 F.4th 1223, 1232 (10th Cir. 2022).

1

with BCBSNM as participants' third-party administrator for the administration of medical benefits.  *Id.*  As a third-party administrator, BCBSNM acts on behalf of the UNM Medical Plan in administering participants' medical benefits based on the UNM Medical Plan provisions outlined in the Participant Benefit Booklet (PBB).  *Id.*  The PBB describes the benefits and limitations of the UNM Medical Plan, how to file claims, how to request review of a claim, and/or file a claim appeal or grievance.  *Id.*

Ms. Ricci is a participant under the UNM Medical Plan, and BCBSNM is her third-party administrator.  (**Doc. 1-2**) **at 2–3, ¶¶ 3, 6**.

In 2021, Ms. Ricci needed oral surgery.  *Id.* **at 3, ¶ 11**.  The Piper Clinic, in St. Petersburg, Florida, was the only clinic with surgeons who could perform the oral surgery.  *Id.* **at ¶ 12**.  Specifically, Doctors Mark A. Piper and Brian S. Shah could perform the surgery.  *Id.*  Ms. Ricci sent a request for pre-approval to BCBSNM because the oral surgery was a significant expense.  *Id.* **at 4, ¶¶ 13–14**.

On March 08, 2021, Ms. Ricci received a preauthorization letter from BCBSNM, confirming Dr. Shah's services were authorized and approved as "medically necessary."  *Id.* **at ¶ 15**.  On March 16, 2021, Ms. Ricci received another preauthorization letter from BCBSNM, confirming Dr. Piper's services were authorized and approved as "medically necessary."  *Id.* **at ¶ 16**.

In reliance on BCBSNM's preauthorization letters, Ms. Ricci went forward with the oral surgery and submitted the related expenses for payment by BCBSNM under her policy.  *Id.* **at ¶ 17**.  When Ms. Ricci submitted the bill for services provided by Dr. Piper, BCBSNM responded with an Explanation of Benefits, rejecting $38,220.25 of the total amount charged ($38,715) for the oral surgery and related medical services.  *Id.*

In addition to the amount BCBSNM rejected via its Explanation of Benefits, Ms. Ricci claims she is owed the following reimbursements:

    a) $1,219 for medical services provided by Dr. Piper;

    b) $1,219 for medical services provided by Dr. Shah; and

    c) $1,750 for medical services provided by Dr. David T. Hobbs.

*Id.* **at 4–5, ¶ 19**.

January 29, 2024, Ms. Ricci, through retained counsel, served a letter on BCBSNM ("Appeal Letter"), seeking the total amount due and owing as well as the entire claim file BCBSNM maintained in this matter. *Id.* **at 5, ¶ 21**. In the letter, Ms. Ricci sought payment of $43,627.25 for unreimbursed medical expenses, plus $3,000 for attorney's fees and costs. *Id.* **at ¶ 22**. Ms. Ricci also demanded BCBSNM provide a written response to the Appeal Letter on or before Thursday, February 15, 2024. *Id.* **at ¶ 23**. To date, BCBSNM has not paid the amounts demanded nor replied to the Appeal Letter. *Id.* **at ¶ 24**.

Following these events, Ms. Ricci filed the instant action against BCBSNM in New Mexico's First Judicial District Court. *Id.* **at 2**. In her Complaint, Ms. Ricci asserts claims against BCBSNM for breach of contract; violations of the Trade and Fraud Practices Act ("TFPA"), NMSA 1978, § 59A-16-20; violations of the Unfair Trade Practices Act ("UPA"), NMSA 1978 § 57-12-2; and violations of Employee Retirement Income Security Act ("ERISA"). *Id.* **at 5–7**. Subsequently, BCBSNM removed the action to federal court pursuant to 28 U.S.C. § 1332 and now seeks dismissal under Fed. R. Civ. P. 12(b)(6), (**Doc. 16**).

## LAW REGARDING RULE 12(b)(6) MOTION TO DISMISS

"To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This does not mean the complaint needs detailed factual allegations; however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In reviewing a motion to dismiss, the Court must assume all the complaint's factual allegations are true, but it is not bound to accept as true legal conclusions, including any "legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Thus, the Court "should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). In deciding whether the plaintiff's stated claim for relief is adequate, the Court views "the totality of the circumstances as alleged in the complaint in the light most favorable to [the plaintiff]." *Jones v. Hunt*, 410 F.3d 1221, 1229 (10th Cir. 2005). The essential question is whether the plaintiff nudged her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### DISCUSSION

In its Motion to Dismiss, BCBSNM seeks dismissal on Ms. Ricci's claims for breach of contract, violations of the TFPA, violations of the UPA, and violations of ERISA. (**Doc. 16**). Ms. Ricci opposes dismissal of her claims, except for her ERISA claim. (**Doc. 25**). In her Response, she voluntarily dismissed her ERISA claim. *Id.* **at 16**. In line with Ms. Ricci's

4

Response, Count IV is **DISMISSED without prejudice**.[2] The Court now considers whether dismissal under Rule 12(b)(6) is proper on Ms. Ricci's remaining claims.

I. **Ms. Ricci's bad faith breach-of-contract claim—Count I:**

In its Motion to Dismiss, BCBSNM seeks dismissal on Ms. Ricci's breach-of-contract claim because she does not have a contract with BCBSNM, nor does she identify in her Complaint a specific contractual provision breached by BCBSNM. (**Doc. 16**) **at 5**. Ms. Ricci responds that a third-party administrator can be liable for bad faith, citing to *Dellaira v. Farmers Ins. Exch.*, 2004-NMCA-132, ¶¶ 10–15. (**Doc. 25**) **at 4**.

In *Dellaira*, Farmers Insurance Company of Arizona ("FICA") issued an automobile policy to the plaintiff. 2004-NMCA-132 at ¶ 1. Farmers Insurance Exchange ("FIE") "directed, handled, administered, and adjusted all claims submitted by FICA's policy holders." *Id.* Dissatisfied with how FIE handled a vehicle damage claim, the plaintiff brought a bad faith tort claim against it. *Id.* at ¶ 2. FIE argued this claim failed because FIE was not a party to the insurance contract. *Id.* at ¶ 10.

The New Mexico Court of Appeals rejected this argument, reasoning "an entity that controls the claim determination process may have an incentive similar to that of an unscrupulous insurer to delay payment or coerce an insured into a diminished settlement." *Id.* at ¶ 14. The Court of Appeals found no sound reason to limit bad-faith liability where "an entity related to or pursuant to agreement with the insurer issuing the policy has control over and makes the ultimate determination regarding the merits of an insured's claim." *Id.* Notably, the plaintiff also brought a breach-of-contract claim against FIE but conceded on appeal that it had no claim

---

[2] *See LaVigne v. First Cmty. Bancshares, Inc.*, 2021 WL 4477921, at *2 (D.N.M.) (explaining a voluntary dismissal is usually without prejudice).

for breach of the insurance contract against FIE, except under an alter ego theory, which was not adequately noticed in the complaint. *Id.* at ¶ 16.

As BCBSNM highlights in its Reply, (**Doc. 27**) **at 3**, *Dellaira* does not establish that an insured can assert a breach-of-contract claim against a defendant who is not a party to the insurance contract. Instead, *Dellaira* holds that a plaintiff may pursue a bad-faith tort claim against a third-party administrator when the administrator controls the claims determination process. Because (1) *Dellaira* does not establish that a plaintiff can assert a breach-of-contract claim against a non-party to the insurance contract, (2) a breach-of-contract claim is actionable only where the parties actually have a contract,[3] and (3) Ms. Ricci cannot allege BCBSNM is a party to the UNM Medical Policy, the Court **DISMISSES** Ms. Ricci's breach-of-contract claim—Count I.

However, given the early stage of the proceedings, the Court **GRANTS** Ms. Ricci **leave to amend** her Complaint to assert a bad faith tort claim rather than a bad faith breach-of-contract claim. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."). If Ms. Ricci amends her Complaint, BCBSNM may renew its argument that Ms. Ricci cannot state a bad faith tort claim.

---

[3] *See* UJI 13-822 NMRA (requiring a contractual relationship between plaintiff and defendant); *Joseph E. Montoya & Assocs. v. State*, 1985-NMSC-074, ¶ 12 (finding that where there is no contract, there can be no breach and no breach of contract cause of action); *Smith v. City of Albuquerque*, 2006 WL 8444219, at *12 (D.N.M.) ("Plaintiff must show first that a contract existed between the parties.").

II. **Ms. Ricci's TFPA claims—Count II**:

In its Motion to Dismiss, BCBSNM seeks dismissal of Ms. Ricci's claims under the TFPA on two grounds: *First*, BCBSNM seeks dismissal because it believes it is entitled to Eleventh Amendment immunity. (**Doc. 16**) **at 7–9**. *Second*, BCBSNM seeks dismissal because Count II does not give it fair notice of the claims Ms. Ricci intends to pursue under the TFPA. *Id.* **at 9–10**. In support of its second argument, BCBSNM cites *Estate of Gonzales v. AAA Life Ins. Co.*, 2012 WL 1132332, at *17–19 (D.N.M.). *Id.*

First, BCBSNM's Eleventh Amendment immunity argument fails at the outset. Even if BCBSNM, as a third-party administrator for UNM, could be considered an arm of the state, it waived any Eleventh Amendment immunity by removing this action to federal court. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618–19 (2002) ("a State waives [sovereign] immunity when it removes a case from state court to federal court."); *Estes v. Wyoming Dep't of Transp.*, 302 F.3d 1200, 1204 (10th Cir. 2002) (recognizing that, in the context of state law claims, a state waives its sovereign immunity to suit in a federal court when it removes a case from state court); *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1256 (10th Cir. 2007) ("An arm of the state may waive its sovereign immunity by removing a case to federal court."). Thus, BCBSNM is not entitled to Eleventh Amendment immunity on Ms. Ricci's TFPA claims or any claims in the instant action.

Next, the Court is unpersuaded by BCBSNM's argument that it does not have adequate notice of which claims Ms. Ricci intends to pursue under the TFPA.

As pointed out by Ms. Ricci in her response, in *Gonzales*, the district court found that a plaintiff's Complaint gave the defendant inadequate notice of its claims under the TFPA as the plaintiff merely cited the entire TFPA and did not specify which of the provisions the defendant

7

allegedly violated. 2012 WL 1132332 at *18. Here, unlike the plaintiff in *Gonzales*, Ms. Ricci specifically alleges violations under 59A-16-20(B)–(E), (G), (H), and (L)–(N). (**Doc. 1-2**) **at 6**, **¶ 33**. Because Ms. Ricci identifies the specific provisions BCBSNM allegedly violated, her Complaint gives BCBSNM adequate notice of the claims she will pursue under the TFPA. Nonetheless, the Court finds dismissal without prejudice is proper as to Ms. Ricci's claims under § 59A-16-20 (D), (E), (G), (H), (L), (M). Even taking all the facts in the Complaint as true, Ms. Ricci does not plead sufficient facts to establish BCBSNM plausibly violated these specific provisions of the TFPA. The Court therefore **DISMISSES** these claims **without prejudice**. Ms. Ricci's claims under §59A-16-20(B), (C), and (N), however, survive BCBSNM's Rule 12(b)(6) Motion to Dismiss.

The Court **GRANTS** Ms. Ricci **leave to amend** her Complaint to include facts that, taken as true, establish BCBSNM plausibly violated § 59A-16-20 (D), (E), (G), (H), (L), (M).

**III.    Ms. Ricci's UPA claims—Count III**:

In its Motion to Dismiss, BCBSNM seeks dismissal on Ms. Ricci's UPA claims because Ms. Ricci does not plead a misleading statement in her Complaint. (**Doc. 16**) **at 10–11**. The Court disagrees.

"The gravamen of an unfair trade practice is a misleading, false, or deceptive statement made knowingly in connection with the sale of goods or services." *Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 5 (quoting *Diversey Corp. v. Chem–Source Corp.*, 1998–NMCA–112, ¶ 17).

Accepting as true Ms. Ricci's allegations that: (1) she received preauthorization letters from BCBSNM, confirming Dr. Shah's and Dr. Piper's medical services were authorized and approved as "medically necessary," (**Doc. 1-2**) **at 4, ¶¶ 15, 16**; and (2) BCBSNM rejected

8

$38,220.25 of the total amount charged ($38,715) for services provided by Dr. Piper, Ms. Ricci plausibly pled a misleading statement.  The preauthorization letters, which approved and authorized Dr. Piper's services, are plausibly misleading given BCBSNM's subsequent refusal to pay for a large portion of those services.  Therefore, dismissal under Rule 12(b)(6) on the basis that Ms. Ricci did not plead a misleading statement is not proper.

## CONCLUSION

For the reasons detailed above, the Court dismisses Ms. Ricci's breach-of-contract claim, ERISA claim, as well as her claims under § 59A-16-20 (D), (E), (G), (H), (L), (M).  Ms. Ricci's remaining claims, however, survive BCBSNM's Rule 12(b)(6) Motion to Dismiss.  Consequently, BCBSNM's Rule 12(b)(6) Motion, (**Doc. 16**), is **GRANTED in part** and **DENIED in part**.  The Court further **GRANTS** Ms. Ricci leave to amend her Complaint **within 30 days** of this Order's entry to address any deficiencies identified above.

**IT IS SO ORDERED.**

/s/ KENNETH J. GONZALES[4]
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.